IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EXPRESS MOBILE, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:19-cv-01937-MFK |
| ) | |
| **GODADDY.COM, LLC,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Express Mobile, Inc. sued GoDaddy.com, LLC alleging that two of GoDaddy's products—Website Builder (WSB) and Managed WordPress (MWP)—willfully infringe numerous claims of certain patents owned by Express Mobile that are directed to tools for displaying content on mobile devices.[1] Express Mobile's claims went to a jury trial in late February 2023. In addition to asserting a defense of non-infringement, GoDaddy contended that Express Mobile's patents were invalid. The jury found in GoDaddy's favor on the question of infringement and willfulness but found in favor of Express Mobile on the question of invalidity. Because it found in favor of GoDaddy on the question of infringement, the jury awarded Express Mobile no damages.

After the close of GoDaddy's case in chief, Express Mobile moved for judgment as a matter of law under Federal Rule of Civil Procedure Rule 50(a). The Court took the motion under advisement. Express Mobile has now renewed its Rule 50 motion and

---

[1] Express Mobile contends that GoDaddy's WSB and MWP products infringe claims 1, 3, 12, 16, and 22 of U.S. Patent No. 9,063,755 (the '755 patent); claims 1 and 13 of U.S. Patent No. 9,471,287 (the '287 patent); and claims 1, 11, 13, 17, and 19 of U.S. Patent No. 9,928,044 (the '044 patent).

has also moved for a new trial under Federal Rule of Civil Procedure 59(a). For the reasons set forth below, the Court denies both motions.

## Background

The Court assumes familiarity with this case's factual and procedural background, which the Court has discussed in prior written opinions. The following background is relevant to the post-trial motions and largely is taken from the Court's summary judgment decision.

**A.    The asserted patents**

The asserted patents relate to two concepts that allow web designers to integrate third-party web services into their websites. The patents disclose an authoring tool that generates two sets of code, a device-independent application and a device-specific player. Second, the patents disclose an authoring tool that allows for integration of web services into the application and player.

**B.    The accused products**

Two GoDaddy products are at issue in this case. WSB is a browser-based website creator, designed to allow a user with little or no website design experience to quickly create and publish a website. MWP, in contrast, targets more advanced users. It comprises a set of custom functionalities that GoDaddy has added to WordPress, an open-source (i.e. free) platform for creating websites. Both WSB and MWP allow for incorporation of features into a user's website, such as YouTube videos or embedded Twitter feeds. GoDaddy provides several free themes for use in designing a website, but users can also buy third-party themes for use with the MWP platform.

**C.    Claim construction**

Two orders have previously been issued in this case construing certain disputed claim terms. *Express Mobile, Inc. v. GoDaddy.com, LLC*, No. 19-1937-RGA, 2021 WL 2209868 (D. Del. Jun. 1, 2021), and *Express Mobile, Inc. v. GoDaddy.com, LLC*, No. 19-1937-MFK, Mem. Op. and Order (dkt. no. 261) (D. Del. Aug. 8, 2022). The claim terms relevant to the issues decided at trial were construed as follows:

| | |
|---|---|
| registry | "a database that is used for computing functionality" |
| player | "device-specific code which contains instructions of a device and which is separate from the Application" |
| device-dependent code | code that is specific to the operating system, programming language, or platform of a device |

**D.   Evidence at trial**

As relevant to the contentions Express Mobile has made in its motions, the following witnesses testified during the trial, either live or via deposition:

- Dr. Kevin Almeroth, Express Mobile's infringement expert
- Peter Kent, GoDaddy's infringement expert
- Steven Rempell, CEO of Express Mobile
- Ken Brown, Inventor of the asserted patents
- Franklin Jarrett, GoDaddy engineer
- Aaron Silvas, GoDaddy engineer

On a high level, GoDaddy argued that Express Mobile made a bad bet when it filed its patent applications back in 2008, as the patents are directed to device-specific players that have since been rendered obsolete. GoDaddy argued that, by contrast, its WSB and MWP products operate not via players but on browsers and that they use programming language such as JavaScript that is completely device-independent, which GoDaddy argued is necessary in the ever-evolving technological space of smartphones.

The asserted patents recite nineteen claim elements.  Kent testified, and GoDaddy argued based on his testimony, that neither WSB nor MWP infringe the asserted patents because they do not include three of the nineteen required claim elements:  (1) "player" code that receives web service output; (2) "registry"; or (3) "symbolic names."

Regarding the player limitation, Dr. Almeroth testified, and Express Mobile argued based on his testimony, that WSB and MWP include device-dependent JavaScript player code that branches and accounts for different browser platforms.  Because the player is also required to "receive the output symbolic name and corresponding one or more output values and provide[] instructions for a display of the device to present an output value," JTX-001 at claim 1, and because GoDaddy's products are browser-based, Dr. Almeroth testified that WSP and MWP infringe because their JavaScript players contain browser detection code that work together with other code to receive inputs and display outputs.

GoDaddy, for its part, argued that JavaScript—the primary programming language used in WSP and MWP—can work on all browsers and is thus not device-dependent-code.  This argument was based in part on Kent's testimony that a browser cannot constitute a platform under the Court's construction of the "player" claim term.  GoDaddy also argued that Dr. Almeroth confirmed on cross examination that the only specific code segments in each of the files that Express Mobile contends received the web service outputs were not, in fact, device-dependent code.

Regarding symbolic names, Dr. Almeroth testified, and Express Mobile argued based on his testimony, that WSB and MWP use a registry that stores symbolic names,

4

and that those symbolic names are incorporated into HTML code that is sent from GoDaddy's servers to its customers' web browsers.  It further argued that the symbolic names stored in the registry were used for evoking web components.

By contrast, Kent testified, and GoDaddy argued based on his testimony, that to be a symbolic name, the name must evoke one or more web components and must be stored in a registry—a claim term that the Court construed as "a database used for computing information."  Thus, GoDaddy argued, because the existence of a registry is required for the symbolic name claim element to be infringed (and vice versa)—and because the accused symbolic name does not evoke one or more web components or is not stored in a database—then there is no infringement.  Kent explained that what Dr. Almeroth pointed to as symbolic names were actually something called "div IDs," which are randomly generated and thus cannot be stored in a registry.  Kent also explained that, to the extent symbolic names or registry exist in WSB or MWP at all, they are kept and stored by the external web services intended to be accessed—like YouTube—and not by GoDaddy.

## Discussion

**A.     Applicable law**

For issues that are not patent-law-specific, the Federal Circuit defers to the law of the regional circuit in which the district court sits—here, the United States Court of Appeals for the Third Circuit.  *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005); *see also*, *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1367 (Fed. Cir. 1999) ("we apply our own law with respect to issues of substantive patent law and certain procedural issues pertaining to patent law, but as to nonpatent issues, we apply

5

the law of the circuit in which the district court sits."). The Federal Circuit "review[s] the denial or grant of JMOL under regional circuit law." *ActiveVideo Networks, Inc.* v. *Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012).

**B.     Standard for JMOL**

Express Mobile has moved for judgment as a matter of law (JMOL) on all of its infringement claims, or in the alternative for a new trial. Under Federal Rule of Civil Procedure 50(b), JMOL is proper only if "viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find" for the nonmovant. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993) (citing *Wittekamp v. Gulf & Western Inc.*, 991 F.2d 1137, 1141 (3d Cir. 1993)). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Id.* (quoting *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978)).

To grant JMOL on infringement in favor of Express Mobile, the party with the burden of proof, the Court "must be able to say not only that there is sufficient evidence to support the finding [sought by Express Mobile] . . . but additionally that there is *insufficient evidence for permitting any different finding*." *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1177 (3d Cir. 1976) (emphasis added); *see also*, *Smollett v. Skayting Dev. Corp.,* 793 F.2d 547, 548 (3d Cir. 1986) (motion for JMOL must be denied when "the record contains the minimum quantum of evidence from which a jury might reasonably afford relief").

In assessing Express Mobile's motion, the Court must also give GoDaddy, the non-movant, "the benefit of all logical inferences that could be drawn from the evidence presented" and "resolve all conflicts in the evidence in [GoDaddy's] favor and, in general, view the record in the light most favorable to [GoDaddy]." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991).

The Third Circuit has held that motions for judgment as a matter of law under Rule 50(b) should be granted only sparingly. *Marra v. Phila. Hous. Auth*, 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted). This is particularly true when, as just discussed, the movant bears the burden of proof. *Fireman's Fund Ins. Co.*, 540 F.2d at 1177 (entry of JMOL after a jury verdict "is rare[ ] [and] reserved for extreme circumstances.").

**C.    Standard for a new trial**

The Court has discretion to grant a new trial under Rule 59(a) "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Some reasons for granting a new trial are: (1) the jury's verdict is against the clear weight of the evidence and a new trial is necessary to prevent a miscarriage of justice; (2) improper conduct by an attorney or the Court unfairly influenced the verdict; or (3) the jury's verdict was facially inconsistent. *See Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 775 (D. Del. 2015).

**D.    Summary of Express Mobile's motion**

Express Mobile raises two grounds for JMOL or, in the alternative, a new trial.[2]

---

[2] Express Mobile also appears to raise an amorphous third basis, namely that GoDaddy confused the jury with irrelevant "strawmen," Mot. for J. as a Matter of Law at 16, such

7

First, it contends that GoDaddy misled the jury by consistently misstating and contradicting the Court's claim constructions for player, device-dependent code, and registry. Express Mobile contends that, under the correct claim constructions adopted by the Court, no reasonable jury could have found that GoDaddy did not infringe the asserted patents. Second, Express Mobile contends that the jury's verdict was unfairly influenced by improper testimony from two witnesses that GoDaddy called as fact witnesses but who Express Mobile contends provided undisclosed expert testimony. The Court will address each of these arguments in turn.

**E.     Claim construction-related issues**

"[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude." *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004). "Literal infringement of a claim exists when *every* limitation recited in the claim is found in the accused device." *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1998) (emphasis added).

Express Mobile contends that it presented to the jury uncontradicted evidence that all of the asserted claims' limitations—including the three that GoDaddy argued were missing from its products—were met by WSB and MWP. Specifically, it contends that Dr. Almeroth "identif[ied] exemplary portions of source code and related evidence for each and every limitation of all Asserted Claims for both WSB and MWP, with a particular focus on contact form and add to cart web service implementations of the

---

as:  (1) its overuse of the YouTube web service example to illustrate some of its arguments regarding the symbolic names limitation; and (2) its arguments regarding div IDs.  But it offers no authority for the proposition that "red herring"-type arguments—if that characterization is even accurate—would entitle it to either JMOL or a new trial.  *Id.*

respective products." Mot. for J. as a Matter of Law at 4. Thus, it contends that there is no evidentiary basis in the record on which the jury could have found non-infringement for any of the disputed claim elements.

As for GoDaddy's evidence showing non-infringement, Express Mobile contends that it was premised upon constructions of claim terms that contradicted the Court's claim construction rulings. It is settled law that "[n]o party may contradict the court's construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009).

Regarding the player limitation, Express Mobile contends that GoDaddy argued—contrary to the Court's claim construction of device-dependent code as "code that is specific to the operating system, programming language, or platform of a device"—that its JavaScript player was not a device-dependent code because device-dependent code is limited to code specific to the *operating system* of a device. This, Express Mobile contends, obviates the "programming language, or platform" language in the Court's construction. This is significant, Express Mobile says, because it argued that the accused *browser* constitutes a "platform" under the Court's construction, which means the browser's code is device-dependent code and thus a player.

Next is the registry limitation, construed by the Court as meaning "a database that is used for computing functionality." Express Mobile contends that GoDaddy improperly narrowed the term's construction to a *structured* database. Express Mobile contends that a "database," according to the Court's construction of the registry term, can include a file and need not be structured.

There are multiple problems with Express Mobile's arguments. First, the Court is

9

not persuaded that GoDaddy presented a modified or narrowed version of the Court's claim construction to the jury.  GoDaddy consistently included programming language or platforms in its arguments at trial regarding the "device-dependent code" term.  *See. e.g.*, Trial Tr. at 1024-26 (explaining during closing arguments how device specific code encompasses code specific to certain operating systems, programming languages, or platforms).  And contrary to Express Mobile's contention, GoDaddy expert witness Kent also testified that, consistent with the Court's construction, device-dependent code could include dependency on the operating system, programming language, or platform, not merely on an operating system.  *Id.* at 618:12-619:23, 676:16-23, 697:23-698:10, and 699:24-700:8.  On the "registry" term, contrary to Express Mobile's view, the Court's construction does not *require* it to include a simple, unstructured database.  In addition, as GoDaddy points out, the slides it showed to the jury and used during Kent's testimony could not have more clearly spelled out each of the Court's claim constructions that Kent was using to render his opinions on infringement of those claims.

      Second, Express Mobile is essentially raising a claim construction argument regarding the meaning of the terms "platform" and "database" under the guise of a challenge to the sufficiency of the evidence of noninfringement.  That is, Express Mobile's argument invites the Court to hold that a browser may constitute a platform, and vice versa, and that a simple file may constitute a database.  But the Court did not construe the terms platform or database.  "In the absence of such a construction . . . the jury was free to rely on the plain and ordinary meaning of the term[s] [platform and database] and conclude"—consistent with Kent's testimony—that a browser is not a

platform under the Court's construction of device-dependent code (and therefore, player), and that a file is not a database under the Court's construction of registry. *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 520 (Fed. Cir. 2012).  Moreover, "[a] sound claim construction need not always purge every shred of ambiguity, including potential ambiguity arising from the words a court uses to construe a claim term." *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1378–79 (Fed. Cir. 2017) (internal quotation marks omitted).  "Such an endeavor could proceed ad infinitum." *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1318 (Fed. Cir. 2016).

   Third, even assuming that Express Mobile is correct that GoDaddy misled the jury about the proper claim constructions, that would not automatically entitle Express Mobile to JMOL.  "Where an [non]infringement verdict relies on incorrect construction of the disputed claim terms, this court may grant JMOL or order a new trial to correct the error, *depending on the degree of difference between the incorrect construction and the correct construction*." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1333 (Fed. Cir. 2008).  Express Mobile has not persuaded the Court that the degree of difference between the allegedly incorrect constructions used by GoDaddy/Kent and the Court's constructions—if there is even a difference—is significant enough to entitle it to JMOL. To hold otherwise would "constitute a usurpation of the jury's province as factfinder." *Garrison v. Mollers N. Am., Inc.*, 820 F. Supp. 814, 819 (D. Del. 1993).

   Express Mobile's other argument on this point is that "[u]nder the correct claim constructions, Express Mobile presented undisputed evidence that WSB and MWP" infringe the asserted patents, and that "no reasonable jury could have concluded

11

otherwise." Mot. for J. as a Matter of Law at 2. But the evidence presented by Express Mobile *was* disputed, and "when there is conflicting testimony at trial, and the evidence overall does not make only one finding on the point reasonable, the jury is permitted to make credibility determinations and believe the witness it considers more trustworthy." *MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1168 (Fed. Cir. 2015). When evaluating a motion for JMOL, "the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube, Inc.*, 4 F.3d at 1166.

Express Mobile cites *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, (Fed. Cir. 2003), and contends that, in that case, the Federal Circuit "revers[ed] denial of JMOL where 'the district court allowed the jury to add an additional limitation to the district court's construction' and this error altered the verdict because there was 'no alternative basis upon which a reasonable jury could find' noninfringement." Mot. for J. as a Matter of Law at 11 (quoting *Moba, B.V.*, 325 F.3d at 1322). But even if GoDaddy did add additional limitations to the Court's construction—which, again, the Court is not persuaded it did—in this case there *were* alternative bases upon which a reasonable jury could find noninfringement. Again, GoDaddy argued that its products were missing *three* of the required claim elements taught by the patents, and a finding of noninfringement on any *one* of those claim elements would have entitled GoDaddy to the same verdict. It is not enough for Express Mobile to argue the jury *should* have found in its favor, it must establish "there is insufficient evidence for permitting *any different finding*" other than that of infringement. *Fireman's Fund Ins. Co.*, 540 F.2d at 1171 (emphasis added). Express Mobile has not made that showing.

In sum, the Court presumes, as it must at this stage, that the jury credited Kent's testimony over Dr. Almeroth's in finding that the accused instrumentalities did not infringe the asserted claims as construed by the Court—specifically that the WSB and MWP platforms did not include: (1) "player" code, (2) "symbolic names," or (3) a "registry." The trial record demonstrates that the jury received sufficient evidence from which it could reasonably find that GoDaddy's products do not infringe. The Court therefore denies Express Mobile's renewed motion for JMOL on this basis.

The next question is whether the cited conduct entitles Express Mobile to a new trial. The Court is not persuaded that a new trial is warranted. As Express Mobile argues, "[a] court may grant a new trial when 'the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice.'" Mot. for J. as a Matter of Law at 3 (quoting *Genzyme Corp. v. Atrium Med. Corp.*, 315 F. Supp. 2d 552, 562 (D. Del. 2004)). Express Mobile also contends that "[a] court may . . . grant a new trial 'when improper conduct by an attorney or the court unfairly influenced the verdict.'" *Id.* (quoting *Zarow-Smith v. New Jersey Transit Rail Operations*, Inc., 953 F. Supp. 581, 584–85 (D.N.J. 1997)). Neither situation is present here. As just discussed, the clear weight of the evidence did not lean in favor of a verdict of infringement. Nor were the arguments made by GoDaddy, when considered "as a whole," "so constantly and effectively addressed to the prejudices of the jury that [the Court] must order a new trial." *Draper v. Airco*, Inc., 580 F.2d 91, 97 (3d Cir. 1978).

### F.     Undisclosed expert witness testimony

Express Mobile next contends that it is entitled to JMOL or, in the alternative, a new trial because GoDaddy presented undisclosed expert rebuttal testimony through

two of its fact witnesses that resulted in "jury confusion and error."  Mot. for J. as a Matter of Law at 16.  The Court sees—and Express Mobile presents—no viable argument for JMOL on this basis, so it will consider Express Mobile's contentions on this point only as support for its motion for a new trial.  Express Mobile again contends that "a court may [] grant a new trial 'when improper conduct by an attorney or the court unfairly influenced the verdict,'" *id*. at 3 (quoting *Zarow-Smith*, 953 F. Supp. at 584–85), or based on "substantial errors in admission or rejection of evidence."  *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the identity of a witness who is going to present expert (i.e., non-lay person) testimony.[3] Rule 26(a)(3)(B) requires that disclosure to be made at least thirty days before trial unless the court orders otherwise.  A disclosure under Rule 26(a)(2)(A) must be accompanied by a statement of "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  A party that fails to make a disclosure required by Rule 26(a) is precluded from relying on that evidence on a motion or at trial unless the failure to disclose was "substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).

During the trial, GoDaddy called as witnesses Aaron Silvas and Franklin Jarrett, two of its engineers who worked on WSP and MWP, respectively.  Express Mobile contends that their testimony:  (1) ran afoul of Rules 26(a)(2)(A) and 26(a)(2)(C)

---

[3] There are, of course, additional requirements for *retained* witnesses who will present expert testimony, *see* Fed. R. Civ. P. 26(a)(2)(B), but that is not what is at issue here.

because it was not timely or properly disclosed; and (2) should have been barred because "it is an abuse of discretion to permit a witness to testify as an expert on the issue[] of noninfringement . . . unless that witness is qualified as an expert in the pertinent art . . . . [and this] prohibition of unqualified witness testimony extends to the ultimate conclusion[] of infringement . . . as well as to the underlying technical questions." *HVLPO2, LLC v. Oxygen Frog*, 949 F.3d 689, 689 (Fed. Cir. 2020).

Both of these contentions lack merit, as they are based on the mistaken premise that the testimony of Silvas and Jarrett amounted to rebuttal expert testimony. But Express Mobile's argument regarding this testimony fails for an even more basic reason: Express Mobile failed to contemporaneously object to *any* of Silvas and Jarrett's testimony during the trial.

As GoDaddy points out, this post trial motion is not the first time Express Mobile has asserted a challenge to the testimony of Silvas and Jarrett. During the final pretrial conference, the Court heard arguments regarding Express Mobile's motion *in limine* number seven, in which it sought to preclude Jarrett and Silvas from offering expert opinions on GoDaddy's source code. The Court concluded that it could not rule on this in vacuum and that Express Mobile would have to assert any such objections at trial. The Court stated, quite unambiguously, that it was "going to do this the way Judge Andrews did, and it's going to be *based on objections that are made at the trial and everybody basically acts at their peril*. It's just that simple." Pretrial Conf. Tr. at 27:8-24 (emphasis added). The Court went on to say:

> So, you know, I'll determine *when I get an objection* whether -- if it concerns the dividing line between fact and opinion testimony, I'll determine based on whatever foundation's been laid, which side of the line it's on. And if I conclude it's on the opinion side of the line, and there's not

15

> a sufficient disclosure under Rule 26(a), then it's probably going to get excluded. And if I conclude it's on the fact side of the line, then it's probably not going to get excluded. So -- but I just think it would be borderline reckless for me to try to define that line right now. I think that's best dealt with by, A, people being careful, and, B, *objections and ruling on the objections*. So that's what I'm going to do.

*Id.* at 27:15–28:2 (emphasis added). The Court therefore denied Express Mobile's motion *in limine* "without prejudice *to making objections at trial*." *Id.* at 28:3-4 (emphasis added).

On the morning of the third day of trial, before the jury entered the courtroom, Express Mobile again raised its concerns regarding Jarrett and Silvas's testimony. Specifically, counsel for Express Mobile stated that, because Jarrett and Silvas were going to be shown and asked about some of the same exhibits that Dr. Almeroth used to conduct his infringement analysis, it appeared that GoDaddy sought "to implicitly or explicitly, you know, engage in a rebuttal." Trial Tr. at 468:14-16. The Court overruled the objection, concluding that the mere fact that these witnesses would be shown exhibits that had been shown to an expert was not enough to make their testimony expert testimony. The Court further stated, "as it's characterized, I don't think it's expert testimony . . . . [and] the jury's basically told they're to evaluate expert testimony and fact testimony the same way." *Id.* at 470:9-13. The Court instructed GoDaddy, however, that it was not to refer to Dr. Almeroth when showing Jarrett or Silvas these exhibits or asking questions about them.

According to Express Mobile, Jarrett and Silvas proceeded to charge ahead past the Court's directive and give what Express Mobile contends was undisclosed expert testimony rebutting that of Dr. Almeroth. But Express Mobile did not make a single contemporaneous objection to their testimony. Again, the Court had clearly instructed

16

Express Mobile during the pretrial conference that if it believed that Jarrett or Silva were asked during the trial to render expert testimony during the trial, it would be incumbent upon Express Mobile to object at that time.  And the Court provided more guidance about what the appropriate boundaries might be on the morning Jarrett and Silvas took the stand, when Express Mobile raised the issue for the second time.  But Express Mobile still did not object to either witness's testimony as it was unfolding, as it was required to do.

In fact, the only objection Express Mobile made contemporaneously concerned not the content of Jarrett or Silvas's testimony, but a single exhibit that was not timely disclosed as an exhibit that would be used during Jarrett's testimony.[4]  But GoDaddy's failure to include that exhibit—PTX-550D—in Jarrett's exhibit binder is not a violation of the Federal Rules of Civil Procedure that could even conceivably entitle Express Mobile to a new trial.  Instead, it was a mere violation of paragraph 47 of the parties' mutual agreement—as contained in the joint pretrial order—regarding advance notice of the exhibits to be used in connection with a direct examination of each witness.  That aside, the arguably belated disclosure of this particular exhibit as one that would be used during the witness's testimony could not possibly have unfairly prejudiced Express Mobile.  Among other things, the exhibit was on Express Mobile's own list of trial exhibits attached to the proposed pretrial order, thus making it clear that Express Mobile was aware of its possible significance.

Even if Express Mobile had not waived this point by failing to object contemporaneously, the Court is not persuaded that Jarrett or Silvas provided anything

---

[4] GoDaddy has effectively conceded this.

17

that constitutes expert testimony under Federal Rules of Evidence 702, 703, or 705.  A lay witness may testify if he "has particularized knowledge by virtue of [his] experience . . . even if the subject matter is specialized or technical—because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of FRE 702."  *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009) (emphasis added).  That was the case here.  Both witnesses repeatedly testified that they did not review the asserted patents or the Court's claim constructions.  And neither voiced any opinion on infringement other than to say, in colloquial terms, that they did not steal or copy someone else's work when they helped develop the code behind WSB (Silvas) and MWP (Jarrett).  The quotes that Express Mobile cherry picks from the record are nothing more than Silvas and Jarrett's descriptions, based on their own first-hand knowledge, of how their respective products work or do not work.  The Court agrees with GoDaddy that Jarrett and Silvas's mere use of the same terms found in some of the claims at issue does not, by itself, transform their testimony into rebuttal expert testimony on the question of infringement of those claims.

Express Mobile's only argument on this point that even approaches the plausibility threshold involves not Jarrett or Silvas's testimony itself but rather the closing argument by counsel for GoDaddy.  Were one to read certain quotes from GoDaddy's closing argument out of context, they conceivably support a belief that GoDaddy characterized Jarrett and Silvas as experts who were called to rebut everything Dr. Almeroth had to say.

Express Mobile's argument is precluded, however, due to its failure to object contemporaneously during GoDaddy's closing argument.  It therefore waived this point.

18

And even if that were not the case, the argument is not supported by a reading of the closing arguments in context and as a whole and thus would not entitle Express Mobile to a new trial. *See Genzyme Corp. v. Atrium Med. Corp.*, 315 F. Supp. 2d 552, 561-62 (D. Del. 2004) (emphasis added) ("[S]tatements made about prior art and infringement in closings that accurately reflected evidence, *which has been admitted without objection*, are not improper."). The comments by counsel for GoDaddy during closing argument accurately reflected the evidence. In particular, there is nothing improper about an argument that a fact witness's testimony discredited the testimony of the opposing party's expert witness. *See Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 207 (3d Cir. 1992) ("not all improper remarks will engender sufficient prejudice to mandate the granting of a new trial" and "a combination of improper remarks are required to persuade [the Court] of prejudicial impact"); *see also*, *Draper*, 580 F.2d at 97 (in determining whether a new trial must be granted "we do not rely on any of the individual instances or types of impropriety. Rather, we [] assess[] the argument as a whole"). There has been no "miscarriage of justice." *Genzyme Corp.*, 315 F. Supp. 2d at 562.

Express Mobile is not entitled to JMOL or a new trial on this basis.

## Conclusion

For the reasons stated above, the Court denies plaintiff's renewed motion for judgment as a matter of law, or in the alternative, a new trial [dkt. no. 333].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  July 5, 2023